**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ABT ELECTRONICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action |
| | ) | File No.: |
| AIRGROUP CORPORATION a/k/a/ | ) | |
| RADIANT GLOBAL LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

COMES NOW, defendant AIRGROUP CORPORATION, a/k/a RADIANT GLOBAL LOGISTICS, INC. ("AirGroup"), by and through its attorneys, Robert L. Reeb and Michael D. Reed of Marwedel, Minichello & Reeb, P.C., and files this Notice of Removal, respectfully showing the Court the following:

1.      Plaintiff ABT ELECTRONICS, INC. ("ABT") filed a civil action against defendant AirGroup in the Circuit Court of Cook County, Law Division, Illinois, Case No. 2017 L 002430.  ABT served the complaint on AirGroup on March 16, 2017.  A copy of the service of process and the complaint are attached hereto as Exhibit 1.

2.      Plaintiff ABT alleges in its complaint that AirGroup is liable for damages for breach of contract (Count I), negligence (Count II), and deceptive business practices (Count III), relating to alleged logistics services provided by AirGroup for Abt products.  See Counts I-III of the complaint at Exhibit 1.  Count I seeks recovery for damages for economic harm, lost profits, and loss of reputation.  Count II seeks recovery for damages for economic harm, lost profits, and loss of reputation.  Count III seeks recovery for actual and consequential damages.  Plaintiff's complaint does not state an exact figure for the amount of damages being sought by plaintiff.

3.      According to plaintiff's complaint, ABT is an Illinois corporation with its principal place of business in Glenview, Illinois.  See Paragraph 1 of the complaint at Exhibit 1. For the purposes of considering the diversity of citizenship, ABT is an Illinois citizen.

4.      Defendant AirGroup is a Washington corporation with its principal of business in Bellevue, Washington.  For the purposes of considering the diversity of citizenship, AirGroup is a Washington citizen.

5.      Plaintiff's complaint does not state an exact figure for the amount of damages it is seeking.  Plaintiff ABT, did, however, send AirGroup a demand letter, dated March 6, 2017, prior to filing suit.  See Declaration of Paul Kwiatkowski of AirGroup, which is attached hereto as Exhibit 2.  The demand letter notes that AirGroup and ABT have a dispute over invoices that totals $76,882.20, and further states that "the damages ABT incurred from Airgroup's nonperformance well exceed this amount." See ABT Demand Letter attached to Exhibit 2 as Exhibit 2A, at page 2, paragraph titled "Invoice Discrepancies."  ABT states that ABT incurred, and is entitled to, compensatory damages and consequential damages for loss of reputation and customer goodwill.  Further, the demand letter alleges ABT's employees "have cumulatively spent over a hundred hours" addressing the alleged reputational damages to ABT, and ABT "will also seek compensation for their time."   See Exhibit 2A, pages 2-3, paragraphs titled "Consequential Damages-Loss of Reputation/Goodwill and Business Earnings."

6.      Under 28 U.S.C. 1332(a), this action is removable to federal court.  There is diversity of citizenship between plaintiff ABT and defendant AirGroup, and further, the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      A defendant can still seek removal of a case to federal court if there is diversity and the defendant has a plausible, good-faith estimate that the amount in controversy exceeds the

$75,000 threshold. See, e.g., *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *Reason v. Wal-Mart Stores, Inc.*, 2008 WL 410227, at 1 (C.D. Ill. Feb. 12, 2008). In *Meridian*, the court identified several ways for parties to form a good-faith estimate for the amount in controversy:

> We have suggested several ways in which this may be done--by contention interrogatories or admissions in state court; by calculation from the complaint's allegations (as in *Brill*); **by reference to the plaintiff's informal estimates or settlement demands** (as in *Rising-Moore*); or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006) (emphasis added).

8.      The amount in controversy, though not specified in ABT's complaint, exceeds $75,000. Plaintiff's demand letter states that ABT's damages far exceed $76,882.20. ABT's calculation surpasses the $75,000 threshold required under 28 U.S.C. 1332 for removal. See ABT Demand Letter as Exhibit 2A.

9.      Pursuant to 28 U.S.C. 1446(d), notice of this removal is being filed with the Circuit Court of Cook County, Law Division, Illinois, and served upon plaintiff's counsel.

10.     Now, within thirty (30) days after service and receipt by defendant of a copy of the summons and complaint filed in the Circuit Court of Cook County, Law Division, Illinois, notice is hereby given in accordance with 28 U.S.C. 1446 and pursuant to Rule 11, Federal Rules of Civil Procedure, of the removal of said action to this Court.

Respectfully submitted,

AIRGROUP      CORPORATION,    a/k/a
RADIANT GLOBAL LOGISTICS, INC.


By: /s/ ROBERT L. REEB
     /s/ MICHAEL D. REED
Attorneys for Defendant

Robert L. Reeb  [IL ARDC # 6198415]
Michael D. Reed [IL ARDC # 6313795]
Marwedel, Minichello & Reeb, P.C.
303 W. Madison, Suite 1100
Chicago, IL 60606
Phone:  (312) 902-1600

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that on April $\underline{\phantom{0}13,}$ 2017, the attached Notice of Removal was sent to:

> Beth Shapiro
> Abt Electronics, Inc.
> 1200 N. Milwaukee Avenue
> Glenview, Illinois 60025

via regular mail.

/s/ MICHAEL D. REED
Attorney for Defendant

5